**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**MAXIE SMITH,**

      **Plaintiff,**

**vs.**                                   **Case No. 4:13cv329-MW/CAS**

**THOMAS D. HALL,**

      **Defendant.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, filed an amended civil rights complaint under 42 U.S.C. § 1983, doc. 9, pursuant to a prior Order, doc. 5, which explained why Plaintiff's initial complaint, doc. 1, was deficient. Plaintiff's amended complaint has been reviewed as is required by § 1915A.

Plaintiff brings suit against Defendant Thomas D. Hall, Clerk of Court for the Florida Supreme Court. Doc. 9. Plaintiff alleges that after his habeas petition was dismissed by the Second District Court of Appeal on January 7, 2011,[1] Plaintiff "sought

---

[1] A copy of that order was submitted as Plaintiff's exhibit C. Doc. 9 at 27. On May 5, 2000, the Second District Court of Appeal affirmed Plaintiff's convictions and sentences for burglary of a dwelling, battery on a law enforcement officer, and obstructing an officer with violence. Doc. 9 at 23-25 (Exhibit B).

review" in the Florida Supreme Court and filed a timely "notice of appeal." *Id.* at 6.

Plaintiff alleges that Defendant Hall wrongfully treated Plaintiff's notice of appeal as a

"writ of mandamus seeking reinstatement of the proceedings in the district court."[2] *Id.*

Plaintiff alleges Defendant Hall "allowed Plaintiff to submit a writ of mandamus

according to appellate rule, addressing why the proceedings in the district court should

not have been dismissed." *Id.* at 7. Plaintiff contends he then "sought to release

himself from the viod [sic] judgment and order." *Id.* Plaintiff claimed it was wrong to

treat his notice as a writ of mandamus and argued that "mandamus is not a substitute

for an appeal." *Id.* Plaintiff contends that "Defendant treated Plaintiff's pleading for

relief from void judgment as one of unauthorized rehearing." *Id.* Plaintiff contends that

Defendant interfered with his right of access to the courts in violation of the First

Amendment. *Id.* As relief, Plaintiff seeks an Order from this Court directing "the Florida

Supreme Court to recede from its decision of the writ of mandamus" and timely receive

Plaintiff's notice of appeal. *Id.* at 8.

When Plaintiff's claims were reviewed in the initial complaint, it was apparent that

Plaintiff's filing of the purported notice of appeal to the Supreme Court would be

relevant to this case and the Court would need to review that document to determine

whether Plaintiff's purported appeal had any merit. Thus, Plaintiff was "required to

present a copy of the initial notice of appeal he sent to the Florida Supreme Court on or

about February 9, 2011." Doc. 5. Plaintiff did not comply with that Order.

---

[2] Plaintiff did not provide a copy of his purported notice of appeal with his initial complaint, doc. 1, or with the amended complaint.

Plaintiff was previously advised that to show "[a] violation of the right of access to the courts," the basis for Plaintiff's claim against Defendant Hall, Plaintiff must "establish that he has been deprived of 'meaningful access to the courts.'" Kennedy v. Lockett, No. 08-0169, 2009 WL 1635923, at *7 (S.D. Ala. June 8, 2009), *citing* Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177, 135 L.Ed.2d 606 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 823, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977)).  *See* doc. 5.  To make that showing, Plaintiff must demonstrate "that he has suffered an actual injury." Lewis, 518 U.S. at 349–51, 116 S.Ct. at 2179–80.  On this record, Plaintiff has not shown that the Defendant frustrated or impeded his effort to pursue a nonfrivolous appeal of his conviction or habeas petition as Plaintiff has not shown that his underlying case before the Florida Supreme Court had merit.

While Plaintiff failed to comply with the Order and submit the notice of appeal which he contends was improperly construed, Plaintiff's attachments[3] reveal that after

_____

[3] Plaintiff's Exhibit A is a copy of his Petition for Writ of Habeas Corpus filed in the Second District Court of Appeal.  The petition is not dated by Plaintiff but lists his case history and cites to cases as late as 2008.  Doc. 9 at 14.  That petition is presumably the second petition filed in the Second District Court of Appeal.  Plaintiff's Exhibit B, doc. 9 at 23-25, is an opinion from the Second District Court of Appeal filed on May 5, 2000, and, thus, is not the opinion that was issued in response to Plaintiff's petition, Exhibit A.  Nevertheless, that opinion addresses the same argument concerning the race-neutral reason given to dismiss a Hispanic juror.  Plaintiff's Exhibit C, however, is the most recent dismissal from the Second District Court of Appeal, dated January 7, 2011.  Doc. 9 at 27.  Exhibit D is the document central to this case, the notice to Plaintiff from the Florida Supreme Court advising that his Notice of Appeal filed on February 9, 2011, was "treated as a petition for writ of mandamus seeking reinstatement of the proceedings in the district court of appeal below."  Doc. 9 at 29.  Exhibit E is Plaintiff's Motion for Relief From Void Judgment filed in the Florida Supreme Court.  *Id.* at 31-37.  Exhibit F is a Supreme Court Order dated February 15, 2012, which treated Plaintiff's Motion for Relief From Void Judgment as a "second unauthorized motion for rehearing filed with this Court on January 31, 2012," which was "stricken as unauthorized."  *Id.* at 39.

Plaintiff was convicted by a jury, he was sentenced on January 20, 1999. Doc. 9 at 11-12 (Ex. A). On May 5, 2000, his conviction and sentence was affirmed on appeal. Smith v. State, 758 So.2d 1186 (Fla. 2d DCA 2000). Plaintiff's request for discretionary review was denied by the Florida Supreme Court on October 13, 2000. Doc. 9 at 12. On October 11, 2001, Plaintiff filed a motion for post-conviction relief under Rule 3.850 which was denied. On September 13, 2002, the Second District Court of Appeal affirmed the trial court's order in an unwritten per curiam opinion. *Id.*

Judicial notice is taken that after exhausting Plaintiff's state remedies, he filed a federal petition for writ of habeas corpus on March 13, 2003. *See* Smith v. Rabion, No. 8:02cv1988, 2005 WL 3468459, *1 (M.D. Fla. Dec. 19, 2005). Plaintiff raised three claims for relief,[4] none of which were successful. Smith, 2005 WL 3468459, at *2. Plaintiff's subsequent petition for writ of certiorari to the Eleventh Circuit Court of Appeals was denied by the United States Supreme Court on November 6, 2006. Smith v. Rabion, 127 S.Ct. 562 (2006). Plaintiff's petition for rehearing was denied on January 8, 2007. Smith v. Rabion, 127 S.Ct. 1051 (2007).

It is apparent that Plaintiff appealed his conviction in state court, then exhausted his post-conviction remedies in state court, followed by a federal habeas petition. Plaintiff then attempted to pursue another round of post-conviction proceedings and filed another appeal in the Second District Court of Appeal which was affirmed per

---

[4] Plaintiff's claims were: "1. The trial court erred in failing to sustain objection to a peremptory juror strike made by the state because no proper racially-neutral reason was given; 2. Defense counsel violated petitioner's federal constitutional rights by denying him a right to effective assistance when he surrendered petitioner's innocence without his consent; and 3. The trial court violated petitioner's due process and Sixth and Fourteenth Amendment rights by allowing him to represent himself." Smith, 2005 WL 3468459, at *2.

curiam without opinion on November 20, 2009. <u>Smith v. State</u>, No.2D09-2469, 2009 WL 4020766 (Fla. 2d DCA Nov. 20, 2009). Petitioner sought to file yet another habeas petition in November 2010, and that petition was dismissed on January 7, 2011, by the Second District Court of Appeal. Although the petition was dismissed without opinion, the basis for that dismissal is likely because it was untimely and successive. As expressed by Plaintiff in the instant amended complaint, Plaintiff is again attempting to present argument concern the dismissal of the juror.

Under Rule 3.850, a motion for post-conviction relief may not be filed more than 2 years after the judgment and sentence because final unless one of three exceptions applies, none of which were applicable in Plaintiff's situation. *See* <u>Ochala v. State</u>, 93 So.3d 1167, 1169 (Fla. 1st DCA 2012) (explaining "successive motion" for purposes of postconviction relief). The first is that the facts were unknown at the time, which is not true because the 200 opinion of the appellate court addressed the <u>Batson</u> claim in affirming Plaintiff's conviction. The second is that the fundamental constitutional right was not yet established, but that is not true because <u>Batson v. Kentucky</u>, 106 S.Ct. 1712 (1986), was decided well before Plaintiff's conviction in 1999. The third exception is that counsel, through neglect, failed to file the motion. Because none of the exceptions were applicable, Plaintiff's successive attack on his conviction lacked merit.

Having reviewed Plaintiff's initial complaint, doc. 1, the amended complaint, doc. 9, and all attachments presented, it is evident that Plaintiff fails to state a claim against Defendant Hall as he suffered no denial of his First Amendment rights.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 9, be **DISMISSED** for failure to state a claim upon which relief

may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this

report and recommendation direct the Clerk of Court to note on the docket that this

cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

      **IN CHAMBERS** at Tallahassee, Florida, on September 23, 2013.


   S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

    **A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**